UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE ANNUITY, WELFARE AND APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C & 15D, AFL-CIO,
by their trustees JAMES T. CALLAHAN, FRANCIS P.
DIMENNA, DANIEL J. SCHNEIDER and JOHN
BRUNETTI,

                              Plaintiffs,                                        **ORDER**

                              -against-                                       13-CV-2542 (MKB)

**NEW YORK DIRT CONTRACTING CORP.,**

                              **Defendant.**
------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Currently pending before this Court, on referral from the Honorable Margo K. Brodie, is a motion for default judgment filed by plaintiffs against defendant New York Dirt Contracting Corp. ("defendant"). See Notice of Motion for Default Judgment (June 26, 2013), Electronic Case Filing Docket Entry ("DE") #8; Order Referring Motion (Sept. 30, 2013).

        In an order to show cause dated October 31, 2013, this Court directed plaintiffs to provide further briefing and documentation in support of their motion (hereinafter "Order to Show Cause"). See Order to Show Cause (Oct. 31, 2013) ("10/31/13 OTSC"), DE #12. On November 12, 2013, plaintiffs filed their supplemental submissions. See e.g., Reply Affidavit of James M. Steinberg in Further Support of Plaintiffs' Motion for Default Judgment (Nov. 12, 2013), DE #13.

The supplemental submissions were not, however, wholly responsive to the Court's Order to Show Cause. In particular, the Court directed that plaintiffs provide a copy of the collective bargaining agreement for the period July 1, 2007 through June 30, 2011 (the "2007 CBA"). See 10/31/13 OTSC at 3; see also Complaint (April 26, 2013) ("Compl.") ¶¶ 18-19, DE #1 (plaintiffs audited defendant to ascertain its compliance with obligations under 2007 CBA). Rather than providing a copy of the 2007 CBA, plaintiffs submitted an agreement dated July 11, 1994, binding defendant to various agreements, including successor collective bargaining agreements. See Agreement between Local 15 and N.Y. Dirt Contracting Corp. (July 11, 1994), DE #13-2. In addition, plaintiffs filed with the Court a copy of a collective bargaining agreement covering the period July 1, 2010 through June 30, 2014 — which, notably, not only does not cover the alleged delinquent contributions at issue here (e.g., 2007-2009), but also overlaps with the 2007 CBA, which, according to the Complaint, was valid until June 30, 2011. Compare Collective Bargaining Agreement (effective July 1, 2010 through June 30, 2014), DE #14-1 with Compl. ¶¶ 18-19. Plaintiffs are directed, again, to file, and serve on defendant, a copy of the 2007 CBA no later than November 22, 2013.

In its Order to Show Cause, the Court also required plaintiffs to "submit the pages of the 2007 CBA and relevant trust documents containing the provisions that plaintiffs claim [afford them] 'the right to audit and collect fringe benefit contributions.'" See 10/31/13 OTSC at 4. In addition, the Court ordered plaintiffs to "submit *any* provision touching upon plaintiffs' claim for damages in this matter, including, but not limited to, interest, liquidated damages and attorney's fees." See id. (emphasis in original). The Court had requested this

information because, although plaintiffs seek damages under multiple plans and trust agreements, plaintiffs submitted only one "sample" plan in support of their claims. In response to these directives in the Order Show Cause, plaintiffs proffer the same "sample" plan as in their original motion papers, as well as the aforementioned collective bargaining agreement that appears inapplicable to the claims in this matter. <u>See</u> Agreement and Declaration of Trust of the Annuity Fund of Local 15 (July 1, 1977), DE #13-3. Plaintiffs will be given one final opportunity to support their claims for damages in this case. Any plan and/or plan provision relevant to the claimed damages in this case must be filed via ECF, and served on defendant, no later than November 22, 2013.

Defendant is directed to respond to these forthcoming supplemental submissions, and to serve a copy on plaintiffs' counsel, by December 2, 2013.

The Clerk is requested to docket this Order into the ECF system and to transmit a copy to defendant, via Federal Express, at the following address: 121 East 2nd Street, Mineola, NY, 11501.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**November 19, 2013**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**